UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

| | | |
|---|---|---|
| LISA WATSON, | ) | |
| | ) | |
| *Plaintiff,* | ) | |
| v. | ) | No. 1:10-cv-216 |
| | ) | *Chief Judge Curtis L. Collier* |
| JOE PRICE, Polk County Justice Center | ) | |
| Jail Administrator; CONNIE PRESSWOOD, | ) | |
| Polk County Justice Center Nurse; | ) | |
| | ) | |
| *Defendants.* | ) | |

**MEMORANDUM**

Lisa Watson ("Plaintiff") has filed a *pro se* prisoner's civil rights complaint pursuant to

42 U.S.C. § 1983 [Court File No. 2]. This matter is before the Court on Plaintiff's motion requesting

to voluntarily dismiss the case and to relieve her of her financial obligation to pay the remaining

amount of the filing fee [Court File No. 8]. In support of her request to dismiss the case, Plaintiff

contends "I am being sent to prison and that was what I wanted anyway." Thus, she is requesting

to dismiss her complaint and be relieved of her financial obligation to pay the remaining portion of

the filing fee.

Although the Court is authorized to grant Plaintiff's request to voluntarily dismiss this case

under Rule 41(a)(1) of the Federal Rules of Civil Procedure, it is not authorized to grant her request

to waive payment of the remainder of the filing fee. *See* 28 U.S.C. § 1915(b). For the reasons

discussed below, Plaintiff's motion to dismiss the case will be **GRANTED IN PART** and **DENIED**

**IN PART** and the complaint will be dismissed in its entirety and the case will be closed [Court File

No. 8].

### I.     Motion to Dismiss

Plaintiff requests to have her § 1983 complaint dismissed because, from what the Court is able to discern, she is being sent to prison which is apparently is what she had hoped to accomplish by filing the lawsuit.  Rule 41(a)(1) of the Federal Rules of Civil Procedure provides for voluntary dismissal by a plaintiff upon filing a notice of dismissal at any time prior to service by the adverse party of an answer or of a motion for summary judgment. Fed.R.Civ.P.  41(a)(1)(A)(i).  In the instant case the defendants have not been served as Plaintiff failed to complete the service packets and return them to the Clerk's office as previously ordered by the Court [Court File No. 7].[1]  Thus, because the adverse parties have not been served, the filing of the motion to dismiss this action is timely.

Accordingly, for the foregoing reasons, to the extent the motion requests to dismiss the complaint it will be **GRANTED** [Court File No. 8].  See Fed.R.Civ.P. 41(a)(1).

### II.     Request to Waive the Remainder of the Filing Fee

Plaintiff also requests that she be relieved of her financial obligation to pay the remaining portion of the filing fee.[2]  Title 28 U.S.C. § 1915 provides that a prisoner who "brings a civil action . . . ***shall*** be required to pay the full amount of a filing fee." 28 U.S.C. § 1915(b) (emphasis added). Consequently, the Court is not authorized to waive Plaintiff's filing fee obligation.  Accordingly, to the extent Plaintiff requests to have the remaining portion of her fee obligation waived, the motion is **DENIED** [Court File No. 8].

---

[1]     Instead, Plaintiff filed the instant motion to dismiss

[2]     Plaintiff contends $20 has been removed from her inmate prisoner account as a partial payment on the $350.00 filing fee.

**III.    Conclusion**

For the foregoing reasons, Plaintiff's motion to dismiss will be **GRANTED** to the extent her

§ 1983 complaint will be **DISMISSED** in its entirety, and the motion will be **DENIED** to the extent

Plaintiff is not relieved of her financial obligation to pay the remainder of the filing fee [Court File

No. 8].  The Clerk will be **DIRECTED** to send a copy of this order to the parties and to close this

file.

An appropriate judgment will enter.


/s/
**CURTIS L. COLLIER**
**CHIEF UNITED STATES DISTRICT JUDGE**